DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court upon a petition for writ of habeas corpus filed by petitioner Eddie Moss on January 6, 2003. For the following reasons, we deny the petition.
 {¶ 2} On October 21, 1987, petitioner was found guilty of four counts of aggravated robbery, with firearm specifications, and was sentenced to four concurrent terms of 10 to 25 years of incarceration for the aggravated robberies and four consecutive terms of three years actual incarceration for the firearm specifications. See State v. Moss (June 19, 1992), Lucas App. No. L-91-126. Statutorily, indefinite sentences were to be served consecutively to any mandatory sentence imposed as to a conviction on a firearm specification. R.C. 2929.71.
 {¶ 3} Petitioner was later retried, only as to the firearm specifications, and was convicted of three firearm specifications. Following the second trial, on April 2, 1991, the trial court sentenced petitioner to serve three consecutive terms of three years actual incarceration for the firearm specifications. The trial court, however, also resentenced petitioner as to his aggravated robbery convictions, ordering petitioner to serve four concurrent terms of 13 to 25 years of incarceration, to be served consecutively to the firearm specifications.State v. Moss (Apr. 2, 1991), Lucas C.P. No. CR87-6311.
 {¶ 4} In State v. Moss (June 19, 1992), Lucas App. No. L-91-126, we affirmed appellant's firearm specification convictions, but held that "the trial court was without authority to resentence Moss on the underlying aggravated robbery charges." As such, we ordered that the trial court's new sentence, only as to the aggravated robberies, be vacated and that the trial court's original sentence, as to the aggravated robbery convictions, be reinstated. The matter was then remanded to the trial court for execution of sentence.
 {¶ 5} Petitioner argues in his petition for habeas corpus that the trial court lacked jurisdiction to render a judgment against him or to confine him. Specifically, petitioner argues that the trial court lacked jurisdiction to resentence him with respect to the aggravated robberies.
 {¶ 6} Petitioner raised identical arguments in a previous petition for writ of habeas corpus, which we found not well-taken. See Moss v.State of Ohio, Warden Konteh (Aug. 16, 2001), Lucas App. No. L-01-1347. Accordingly, based on our August 16, 2001 decision, we also find this petition not well-taken.
 {¶ 7} We additionally note, however, that although we previously vacated the new sentence of 13 to 25 years on each count of aggravated robbery, the computer printout from the Toledo Correctional Institution, dated August 28, 2002, attached to the petition, indicates that petitioner's sentence is 13 to 25 years. This is obviously incorrect, based on our decision in State v. Moss (June 19, 1992), Lucas App. No. L-91-126. Nevertheless, insofar as petitioner is currently not being held beyond his correct term of incarceration, four concurrent terms of 10 to 25 years of incarceration for the aggravated robberies to be served consecutively to three consecutive terms of three years actual incarceration for the firearm specifications, he is not entitled to a writ of habeas corpus on this basis.
 {¶ 8} The petition is therefore denied at petitioner's costs.
PETITION DENIED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.